

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable D. W. Burkhalter
Acting County Attorney
Throckmorton, Texas

Dear Sir:

Opinion No. O-6216
Re: Disposition of liquor
seized by sheriff in a
dry area under Texas
Liquor Control Act.

     You have requested the opinion of this department concerning the disposition of intoxicating liquors seized by a sheriff in a dry area. We think the question is answered by the following provisions of the Texas Liquor Control Act (Articles 666 and 667, Vernon's Annotated Penal Code of Texas, as amended):

     Article 666-3a:

     "The following definitions of words and terms shall apply as used in this Act:

     "'Alcoholic Beverage' shall mean alcohol and any beverage containing more than one-half of one per cent of alcohol by volume which is capable of use for beverage purposes, either alone or when diluted.

     ". . . .

     "'Illicit Beverage' shall mean and refer to any alcoholic beverage manufactured, distributed, bought, sold, bottled, rectified, blended, treated, fortified, mixed, processed, warehoused, stored, possessed, imported, or transported in violation of this Act, or on which any tax imposed by the laws of this State has not been paid and the tax stamp affixed thereto; and any alcoholic beverage possessed, kept, stored, owned, or imported with intent to manufacture, sell distribute, bottle rectify,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

blend, treat, fortify, mix, process, warehouse, store, or transport in violation of the provisions of this Act."

Article 666-29, as amended:

"(a) Any room, building, boat, structure, or place of any kind where alchoholic beverages are sold, bartered, manufactured, stored, possessed or consumed in violation of this Act, or under conditions and circumstances contrary to the purposes of this Act, and all such beverages and all property kept andused in any such place, hereby are declared to be a common nuisance; and any person who maintains or assists in maintaining such common nuisance shall be guilty of a violation of this Act. . . ."

Article 666-42, as amended:

"(a) All alcoholic beverages declared by this Act to be a nuisance, and all illicit beverages as defined by this Act, may be seized with or without a warrant by an agent or employee of the Texas Liquor Control Board, or by any peace officer, and any person found in the possession or in charge thereof my be arrested without a warrant. No alcoholic beverages or articles so seized shall be replevied, but shall be stored by the Board, or by the sheriff of the County wherein the seizure was made, to be held for final action of the court as hereafter provided.

"(b) It shall be the duty of the Attorney General, the District Attorney, and the County Attorney, or any of them, when notified by the officer making the seizure, or by the Texas Liquor Control Board, that such seizure has been made, to institute a suit for forfeiture of such alconolic beverages and property, such suit to be brought in the name of the State of Texas in any court of competent jurisdiction in the county



wherein such seizure was made. Notice of pendency of such suit shall be served in the manner prescribed by law and the case shall proceed to trial as other civil cases. If upon the trial of such suit it is found that alcoholic beverages or property are a nuisance or were used or kept in maintaining a nuisance, under the terms of this Act, or that the alcoholic beverage is illicit, as defined by this Act, then the court trying said cause shall render judgment forfeiting the same to the State of Texas and ordering the same disposed of as provided for by Section 30 of this Article. The costs of such proceedings shall be paid by the Board, out of funds derived under the provisions of said Section 30, or from any other fund available to the Board for such purpose.

". . . ."

Article 666-30, as amended:

"(a)  All alcoholic beverages and the containers thereof, equipment, and other property forfeited to the State as nuisances, unless otherwise herein provided, and all illicit beverages and the containers thereof forfeited to the state, shall be turned over to the Board for public or private sale in such place or manner as it may deem best; provided, that the Board shall exercise diligent effort to obtain the best available price for anything thus sold; provided, further, that any bill of sale executed by the Board or Administrator shall convey a good and valid title to the purchaser as to any such property sold. The Board shall sell alcoholic beverages only to the holders of qualified permits or licenses. No alcoholic beverage unfit to be sold for public consumption or of illicit manufacture, may be sold by the Board, but are declared a nuisance per se and may be destroyed by the Board. The certificate of any qualified chemist shall be accepted by the Board as evidence of unfitness of such alcoholic beverages."



In addition to these statutory provisions concerning the disposition of liquor lawfully seized by an enforcement officer, we would like to call your attention to the well recognized rule which has been aptly stated in a leading case as follows:

"It is not only the common practice, but the requirement of the common law, that articles which may apply evidence of guilt of a party accused found in his possession or under his control may be taken in possession by the officer officiating in making the arrest; and, indeed, it is the duty of such officer to take into his possession and retain such articles, subject to the power and direction of the court of justice having cognizance of the alleged crime. This principle is one of necessity in the administration of the criminal law, and it is generally recognized by the courts of the country with few, if any, exceptions." Simpson vs. St. John, 93 N.Y. 363. See also 11 A.L.R. 681, and 13 A.L.R. 1168.

We trust that we have answered your inquiry in a manner that will be of some aid to you.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By

Eugene Alvis
Assistant

EA:DB:ZH

APPROVED OCT. 10, 1944
s.-Carlos Ashley
FIRST ASSISTANT
ATTORNEY GENERAL